**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Curtis F Lee, | No. CV-12-00042-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| ING Groep NV, et al., | |
| Defendants. | |

On May 17, 2018, Plaintiff filed three motions: 1) Motion for Relief from Judgments (Doc. 278); Motion for Sanctions (Doc. 279); and Motion for New Trial (Doc. 280). Defendants filed an omnibus response, and Plaintiff filed an omnibus reply. (Doc. 283, 284).

To the extent Plaintiff's motions should be construed as brought under Federal Rule of Civil Procedure 60(b)(1), (2), or (3), those motions are untimely and the Court lacks jurisdiction to consider them. *See Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir.1989) (a district court lacks jurisdiction to consider an untimely motion to vacate a judgment). The fact that a revised judgment was entered on June 2, 2017, is immaterial because that revised judgment did not change the "legal rights and obligations of the parties with respect to liability." *Jones v. Swanson*, 512 F.3d 1045, 1049 (8th Cir. 2008). That is, the revised judgment changed the amount of the penalty but did not make any other substantive changes. *See id.* (changing amount of judgment did not restart time for Rule 60 motions). Therefore, the entry of the revised judgment did not restart the one-

year period.

To the extent Plaintiff's motions should be construed as brought under Federal Rule of Civil Procedure 60(b)(6), they were not brought within a "reasonable time" as required by Rule 60(c)(1). Moreover, Plaintiff has not established sufficient circumstances exist to grant relief under Rule 60(b)(6).

Finally, to the extent Plaintiff's motions seek sanctions based on misconduct, they do not establish Defendants or their counsel engaged in misconduct. Assuming Plaintiff is correct that certain documents were not produced as quickly as they should have been produced, Plaintiff (or his counsel) had the documents prior to entry of the original judgment in this case. Sanctions are not appropriate.

Accordingly,

**IT IS ORDERED** the Motion for Relief from Judgments (Doc. 278); Motion for Sanctions (Doc. 279); and Motion for New Trial (Doc. 280) are **DENIED**.

Dated this 13th day of June, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge